[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS
On July 18, 1999, the defendant was arrested in Barkhamsted, Connecticut for operating a motor vehicle while-under the influence of alcohol or drugs in violation of General Statutes § 14-227a. On September 27, 2000, the state filed a second part of information (Part B) charging the defendant as an enhanced offender. The basis for the Part B is that on August 26, 1997, in G.A. #4 at Waterbury, the defendant pleaded guilty to operating under the influence in violation of §14-227a as to three separate offenses he had pending before that court at that time. The defendant was charged with incidents that took place on April 5, 1997; April 22, 1997 and May 23, 1997. When the defendant entered his guilty pleas in G.A. #4, he pleaded guilty as to each of the offenses and then was sentenced. The court treated the defendant, for sentencing purposes in 1997, as a three-time first offender and was sentenced accordingly.
The defendant in this action has filed a motion to dismiss the Part B information. The basis for the defendant's motion to dismiss is that the state cannot treat the defendant in the present case as a four-time offender. The defendant claims that the state and this court are bound by the actions of the court in G.A. #4 in 1997 and must consider the pending charges against the defendant as a second-time offender. The defendant's argument is that because he was treated as a three-time first offender previously by the court in G.A. #4, the prosecution of the present charge would lead to a second conviction, and not a fourth conviction. Therefore, the penalties the defendant would face would be as a second offender and not a fourth offender. CT Page 5978
General Statutes (Rev. to 1999) § 14-227a (h), the statute in effect on July 18, 1999, reads as follows:
 (h) Penalties for operation while under the influence. Any person who violates any provision of subsection (a) of this section shall:
 (1) For conviction of a first violation, (A) be fined not less than five hundred dollars nor more than one thousand dollars and (B) be (i) imprisoned not more than six months, forty-eight consecutive hours of which may not be suspended or reduced in any manner or (ii) imprisoned not more than six months, with the execution of such sentence of imprisonment suspended entirely and a period of probation imposed requiring as a condition of such probation that such person perform one hundred hours of community service, as defined in section 14-227e, and (C) have his motor vehicle operator's license or nonresident operating privilege suspended for one year; (2) for conviction of a second violation within ten years after a prior conviction for the same offense, be fined not less than five hundred dollars nor more than two thousand dollars and imprisoned not more than one year, ten consecutive days of which may not be suspended or reduced in any manner, and have his motor vehicle operator's license or nonresident operating privilege suspended for two years; (3) for conviction of a third violation within ten years after a prior conviction for the same offense, be fined not less than one thousand dollars nor more than four thousand dollars and imprisoned not more than two years, one hundred twenty consecutive days of which may not be suspended or reduced in any manner, and have his motor vehicle operator's license or nonresident operating privilege suspended for three years; and (4) for conviction of a fourth and subsequent violation within ten years after a prior conviction for the same offense, be fined not less than two thousand dollars nor more than eight thousand dollars and imprisoned not more than three years, one year of which may not be suspended or reduced in any manner, and have his motor vehicle operator's license or nonresident operating privilege permanently revoked upon such fourth offense. For purposes of the imposition of penalties for a second, third or fourth and subsequent offense pursuant to CT Page 5979 this subsection, a conviction under the provisions of subsection (a) of section 14-227a in effect on October 1, 1981, or as amended thereafter, a conviction under the provisions of either subdivision (1) or (2) of subsection (a) of this section or a conviction under the provisions of section 53a-56b or 53a-60d shall constitute a prior conviction for the same offense.
The court will consider the penalty provisions as of July 18, 1999, being aware that these penalty provisions have been amended subsequently. The amended penalties, however, could not be applied to this defendant since the present offense predates the effective date of the amendments. See Public Acts 1999, No. 99-255.
The court must first review § 14-227a to determine if the statute is clear and unambiguous in reflecting the intent of the legislature. "The purpose of statutory construction is to give effect to the intended purpose of the legislature. . . . If the language is plain and unambiguous, we need look no further than the words actually used because we assume that the language expresses the legislature's intent." (Citations omitted.) State v. DeFrancesco, 235 Conn. 426, 435, 668 A.2d 348
(1995); see also State v. Gurreh, 60 Conn. App. 166, 171, 758 A.2d 877
cert. denied, 255 Conn. 916, 763 A.2d 1039 (2000).
The defendant's claim is that although the defendant pleaded guilty to three counts of driving under the influence under § 14-227a in 1997 in GA #4 and was convicted of all three counts; because he was treated as a three-time first offender for sentencing at that time, this court cannot now treat him as a fourth offender.
In reviewing § 14-227a (h), the court notes that the legislature used the word "conviction" to define a subsequent violation of §14-227a. The word "conviction" is defined in Black's Law Dictionary. (5th Ed. 1979) as follows: "`conviction' and `convicted' mean the final judgment on a verdict or finding of guilty, a plea of guilty, or a plea of nolo contendere, and do not include a final judgment which has been expunged by pardon, reversed, set aside, or otherwise rendered nugatory.18 U.S.C.A. § 4251."
"To determine the intent of the legislature, we first consider whether the statutory language yields a plain and unambiguous resolution. . . . If the words are clear and unambiguous, it is assumed that [they] express the intention of the legislature . . . and we need inquire no further. . . . The words of a statute must be interpreted according to their ordinary meaning unless their context dictates otherwise." (Brackets in original; citations omitted; internal quotation marks CT Page 5980 omitted.) State v. Mattioli, 210 Conn. 573, 576,556 A.2d 584 (1989).
The defendant has provided the court with a transcript of defendant's plea and sentencing of the GA #4 matters that took place on August 26, 1997. The defendant pleaded guilty to each of the three individual driving while under the influence charges. Each of his pleas of guilty resulted in a conviction. Therefore, the defendant has, as he appears before this court, three prior convictions for driving under the influence in violation of § 14-227a.
"Although we recognize the fundamental principle that criminal statutes are to be construed strictly, it is equally fundamental that the rule of strict construction does not require an interpretation which frustrates an evident legislative intent. . . . Moreover, there is a presumption that the legislature intends to accomplish a reasonable and rational result rather than a difficult and possibly bizarre one." State v.Burns, 236 Conn. 18, 26-27, 670 A.2d 851 (1996), citing State v.Dolphin, 203 Conn. 506, 523-24, 525 A.2d 509 (1987).
The court concludes that the second part of the information (Part B) filed by the state as against this defendant is not in violation of § 14-227a. Accordingly, the defendant's motion to dismiss is denied.
Agati, J.